UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER J. CROSS,

        Plaintiff,

v.                                                                                      Case No. 1:13-cv-996
                                                                  Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## OPINION

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

        Plaintiff was born on April 11, 1962 (AR 171).[1] He alleged a disability onset date of February 28, 2010 (AR 171). Plaintiff completed three years of college and had previous employment as a special education teacher and an attendant care worker (AR 23, 36-38, 176). Plaintiff identified his disabling conditions as gout, joint problems, fatigue and tiring easily, and a problem walking (AR 175). The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on April 27, 2012 (AR 17-25). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014, and that he has not engaged in substantial gainful activity since the alleged onset

date of February 28, 2010 (AR 19). At the second step, the ALJ found that plaintiff had the following severe impairments: history of malaise; leukopenia; low blood pressure; dehydration; alcoholic liver disease; history of deep vein thrombosis in the right leg; gout affecting his right ankle; obesity; and a history of alcohol abuse (AR 19). At the third step, the ALJ found that plaintiff does not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 20). Specifically, plaintiff did not meet the requirements of Listing 1.02 (major dysfunction of a joint) (AR 20).

The ALJ decided at the fourth step that plaintiff :

> . . . has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can stand and walk for two hours out of an eight hour workday. He should avoid concentrated exposure to extreme cold and extreme heat and even moderate exposure to hazards such as unprotected heights and dangerous machinery. He can occasionally balance, stoop, kneel, crouch, and crawl.

(AR 20). The ALJ also found that through the date last insured, plaintiff was unable to perform any past relevant work (AR 23).

At the fifth step, the ALJ determined that based upon plaintiff's past relevant work experience and residual functional capacity (RFC), the vocational expert (VE) testified that a person with plaintiff's skills could perform work in Michigan as a sedentary teacher's aide (7,000 jobs) (AR 24). The VE also testified that plaintiff could perform other work including: assembler (18,000 jobs); inspector (5,000 jobs); and general office clerk (4,000 jobs) (AR 24). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from February 28, 2010 (the alleged onset date) through April 27, 2012 (the date of the decision) (AR 25).

### III.  ANALYSIS

Plaintiff raised one issue on appeal:

4

### Did the Commissioner commit reversible error by failing to properly apply what is commonly referred to as the "Treating Physician Rule," pursuant to 20 C.F.R. § 404.1527(c).

Plaintiff contends that the ALJ erred by failing to give proper deference to the treating source opinion of Karen Kennedy, M.D. and further erred by being "quite critical" of Dr. Kennedy's opinion but summarily adopting the opinion of the non-examining State agency medical consultant. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and

(2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Plaintiff relies on Dr. Kennedy's physical capacities assessment from February 8, 2012, which addressed plaintiff's limitations as a result of his arthritis and gout (AR 556-57). The form provided the doctor with three limited options to rate a claimant's ability to perform activities: never; sometimes (1-2 hours in an 8-hour workday); and frequently (6 out of 8 hours) (AR 556).[2] Given these options, Dr. Kennedy indicated: that plaintiff can frequently sit, reach over the shoulder, and grasp; that plaintiff can sometimes stand and walk, lift up to 10 pounds, bend, push and pull; and that plaintiff can never lift up to 25 pounds, squat, kneel, crawl, climb stairs or stoop (AR 556). The doctor stated that plaintiff has been limited in these activities since at least February 28, 2010 (AR 556).

In addition, the doctor answered six questions posed on the assessment which asked for her opinions on how plaintiff's symptoms would affect his ability to work 40 hours per week, 8 hours per day in a competitive work environment. The doctor responded "yes" to the following questions: plaintiff would have serious limitations as to pace and concentration; plaintiff would need a sit-stand option as symptoms dictate; plaintiff would likely miss three days or more of work per

---

[2] The Court notes that the form does not provide the evaluator with an option to indicate that the claimant has no limitation to perform a particular activity.

month; and plaintiff would need breaks from work as symptoms dictate (AR 556-57). The doctor responded "no" when asked if plaintiff was "best suited for part-time work, as opposed to full-time work, which would not accommodate [his] limitations," noting that plaintiff "is disabled due to his condition" (AR 556). The doctor also responded "no" when asked if "[t]he combined effect of these impairments on [plaintiff's] activities is greater than the effect of each impairment considered separately," noting that plaintiff's impairments were "equal" (AR 557).

>   The ALJ addressed Dr. Kennedy's opinion as follows:
>
>   The undersigned also considered the opinion submitted by Karen Kennedy, M.D., the claimant's treating physician. Dr. Kennedy opined that the claimant could sometimes lift up to ten pounds and could sit for up to six hours out of an eight-hour workday (l4F). She also opined that the claimant could stand and walk for up to two hours in an eight-hour workday (id). She also opined that the claimant would have serious limitations in concentration, could never perform postural activities, and is disabled due to his condition (id). The undersigned gives little weight to this opinion, as such extreme limitations are not supported by the medical evidence of record. For example, despite the claimant's complaints of fatigue and lower extremity pain, he denied these symptoms on a consistent basis during his alleged period of disability (10 F). The record also notes on multiple occasions that the claimant was able to ambulate with a normal gait (6F/7, 4F/13). The claimant also denied experiencing a decrease in attention or memory loss on multiple occasions (10F/12, 4F/2). However, giving the claimant the benefit of the doubt, the undersigned has adopted Dr. Kennedy's opinion that the claimant is able to walk or stand for up to two hours during an eight-hour workday.

(AR 22-23).

In evaluating plaintiff's condition and reviewing his medical records, the ALJ noted that plaintiff stopped working due to retirement "which raises some questions as to whether the current unemployment is the result of medical problems" (AR 22). The ALJ found that plaintiff routinely denied fatigue, weakness, lower extremity pain, and edema during his alleged period of disability (AR 22). In addition, objective medical testing revealed that plaintiff's deep vein thrombosis resolved within one year of the original diagnosis, which was consistent with the fact

that the he did not take his warfarin on a consistent basis, despite his doctor's strong recommendation that he take the medication regularly (AR 22). The ALJ also observed that in his September 2010 function report, plaintiff stated that he was only able to walk twenty-five feet without needing a break, but that during a September 2010 doctor's appointment, plaintiff reported that he was able to walk up to one-half of a city block (AR 22). Based on this record, the ALJ did not err in his evaluation of Dr. Kennedy's opinion and gave good reasons for the limited weight assigned to it.

Plaintiff also contends that the ALJ improperly adopted the opinion of the non-examining state medical expert:

> As for the opinion evidence, State medical expert Jacob Weintraub, M.D., issued an opinion regarding the claimant's limitations. Dr. Weintraub opined that the claimant could perform light work but should avoid concentrated exposure to extreme cold and extreme heat, and even moderate exposure to hazards (1A). The undersigned gives great weight to this opinion, as it is consistent with the medical evidence of record. It is also consistent with the claimant's reported ability to lift up to thirty pounds (5E).

(AR 22).

An ALJ may rely on the opinions of the state agency physicians who reviewed plaintiff's file. *See* 20 C.F.R. § 404.1527(e)(2)(i) (state agency medical consultants and other program physicians are "highly qualified physicians . . . who are also experts in Social Security disability evaluation"). Where a treating physician's opinion is not supported by objective medical facts, a non-examining physician's opinion may be accepted over it "when the non-examining physician clearly states the reasons for his differing opinion." *Carter v. Commissioner of Social Security*, 36 Fed.Appx. 190, 191 (6th Cir. 2002). Here, however, the ALJ did not provide an adequate explanation as to the limitations found by Dr. Weintraub or how his opinion was consistent with the

8

record (other than plaintiff's ability to perform light work).  *See generally, Rogers v. Commissioner of Social Security*, 486 F.3d 234, 246 (6th Cir. 2007) (ALJ's finding not supported by substantial evidence where "the ALJ failed to explain in any illuminating way why he elected to elevate the opinion of a single non-treating non-examining orthopedic surgeon over four conflicting opinions").  Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should address Dr. Weintraub's findings in greater detail and provide a more expansive or enlightening explanation of why those findings should be adopted.

### IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should address Dr. Weintraub's findings in greater detail and explain why those findings should be adopted.  A judgment consistent with this opinion will be issued forthwith.


Dated:  September 24, 2014              /s/ Hugh W. Brenneman, Jr.
                                        HUGH W. BRENNEMAN, JR.
                                        United States Magistrate Judge